## Kingston National Bank v. Naveen et ux. (No. 2)

Before Aponick, Flannery and Lewis, JJ.

*John L. McDonald* and *Bernard J. Podcasy*, for plaintiff.

*Nathan Hyman* and *Paul R. Orrson*, for defendants.

APONICK, J., October 6, 1951.—This is on defendants' "preliminary objections, motion to strike off petition to discover property." Plaintiff is proceeding under the Act of May 9, 1913, P. L. 197; 12 PS §2242 et seq.

Defendants confessed judgment on a $3,400 note which plaintiff entered to October term, 1927, no. 1605. Judgment was revived to October term, 1932, no. 1205, October term, 1944, no. 997, and to the instant term and number.

Fi. fa. issued on the October term, 1944, no. 997, judgment and sheriff levied on certain personal property which Lillian Cantor et al. claimed as theirs on an interpleader. Thereupon plaintiff filed a petition (not the one before us) under the above Act of 1913 to have defendants appear for examination. Defendants objected for two reasons: First, the sheriff has not made a return as required by the act; and second, the interpleader action was pending. Subsequently, but before argument on defendants' objections, the sheriff on directions from plaintiff, returned the fi. fa. "Stayed", and thereupon plaintiff had an alias writ issue upon which the sheriff returned "Nulla Bona." Meanwhile, the judgment itself was revived to the present term and number.

In a written opinion, Judge Flannery held that the sheriff's return of "Nulla Bona" was not sufficient under the Act of May 9, 1913, to permit plaintiff to petition for discovery. He therefore dismissed the petition. Whereupon plaintiff caused a fi. fa. to issue on the revived judgment. When the sheriff returned "that after due and diligent search property of the defendants, Abe Naveen and Bessie Naveen, cannot be found

sufficient to satisfy the within judgment and execution," plaintiff filed the instant petition for discovery and we made an order on July 25, 1951, requiring defendants to appear on August 7, 1951, to answer such questions "as may be put to them in regard to any property they may have, etc."

On August 3, 1951, four days before they were to appear, defendants filed a paper entitled "Preliminary Objections: Motion to Strike Off Petition to Discover Property," and obtained the following order thereon:

"Now, the 3rd day of August, 1951, the within Preliminary Objections are directed to be marked filed. Returnable to Argument Court."

We must make several pertinent observations. First, our order of July 25, 1951, was not a rule to show cause. That order seemingly is still in effect; the order of August 3, 1951, did not stay the proceedings. However, both sides have assumed that the order of August 3, 1951, superseded the order of July 25, 1951. Second, "Preliminary Objections" are not in order. On the law side, "Preliminary Objections" are pleadings under the Rules of Civil Procedure and apply to the action of assumpsit and to those actions which are specifically made to conform to that action. The proceedings before us now are supplementary or ancillary and are not covered by the Rules of Civil Procedure. (See rule 4023.) Defendants should have petitioned for a rule to show cause why our order of July 25, 1951, should not be vacated. Again, however, only because both sides have treated the matter as a rule to show cause why our order should not be vacated, we, too, will do so.

Defendants' instant objections are twofold:

1. The interpleader is still pending in the execution issued to October term, 1944, no. 997.

2. Plaintiff is guilty of laches. There is no fault found with plaintiff's form of petition nor with the form of the sheriff's return to the latest writ of fi. fa.

Judge Flannery in his decision covered the matter of the interpleader thusly:

"This interpleader proceeding is still pending although counsel for plaintiff appears to have abandoned its claim against the goods interpleaded and states so in their brief filed in this matter."

He then goes on to state that the only question to be decided was the sufficiency of the return. Had he held the return then to be sufficient, he undoubtedly would have sustained plaintiff's petition. Inasmuch as the return before us is not challenged, we are not going to reopen the question of the interpleader. Indeed, having ordered the first writ "Stayed," and immediately issuing an alias writ on which the sheriff returned "Nulla Bona," we are of the opinion that plaintiff must have abandoned the entire proceedings under the original writ. In its supplemental brief filed by plaintiff at our request, plaintiff argues that the original execution is abandoned and that the goods interpleaded are no longer in "custodia legis" and hence it, plaintiff need not proceed with the interpleader before bringing its supplementary process under the Act of 1913.

As to laches, we think plaintiff has been diligent in pursuing his remedies; in fact, defendants in their brief complain that plaintiff has been too diligent.

For the foregoing reasons we must dismiss defendants' objections.

Accordingly, defendants' "preliminary objections, motion to strike off petition to discover property" are dismissed and defendants ordered to appear before us in Courtroom No. 2 on October 15, 1951, at 10 a. m., and there to answer such questions as may be put to them in regard to any property, real or personal, that they may have or that should be made subject to said execution in accordance with the provisions of the Act of May 9, 1913, P. L. 197.